USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RICHARD TIMMONS,

                Plaintiff,

                98 CV 4714 (DAB)(THK)
                ADOPTION OF REPORT
-against-        AND RECOMMENDATION

NURSE MARJORIE LYONS; CORRECTION
OFFICER THOMAS MALLOY; AND CORRECTION
OFFICER MELANIE CLARK,

                Defendants.

------------------------------------X
DEBORAH A. BATTS, United States District Judge

     This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Theodore H. Katz, dated October 5, 2011 (the "Report"). The facts and procedural history of this matter are set forth in detail in the Report and will not be repeated here. The Report recommends that Plaintiffs' Motions for Default Judgment (Docket ## 70, 73) be DENIED. Additionally, as a sanction on Defendants, the Report recommends that the jury be advised of the significantly belated disclosure to Plaintiff of the identity of physician assistant Rose Mary Vasquez, and instructed that Ms. Vasquez was present in the clinic on the day of Plaintiff's alleged assault.

     According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R.

Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). The Court reviews objected-to portions of the Report de novo. See 28 U.S.C. § 636(b)(1)(C). Nevertheless, "a pro se party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party will be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citing Pickney v. Progressive Home Health Services, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

In his timely objections, Plaintiff argues that Magistrate Judge Katz erred in not recommending default judgment as a sanction for two of Defense Counsel's errors, namely, (1) stating in a letter to the Court that Defense Counsel had not received Plaintiff's pretrial submissions when those submissions were in fact received; and (2) failing to discover and disclose until recently that there was a physician's assistant working at the

clinic where Plaintiff was allegedly attacked who matched the description Plaintiff gave of his assailant.[1]

Regarding the mistaken assertion that Defense Counsel had not received Plaintiff's pretrial papers, this Court agrees with Magistrate Judge Katz that this is simply not conduct that warrants sanctions. There is no evidence that Defense Counsel acted with any intent to deceive or that this error prejudiced Plaintiff in any way.

Regarding the egregiously belated disclosure of the existence of the physician's assistant, and affording Plaintiff the wide latitude due to pro se litigants, Plaintiff objects to Magistrate Judge Katz' finding that the belated disclosure cannot be attributed to bad faith on the part of Defendants. Plaintiff points to Exhibit A of Defendants' letter of August 30, 2010, written by Assistant Corporation Counsel Kathleen E. Naughton. That Exhibit, a letter from Joseph Stankovic dated February 10, 1998, purports to attach the Harts Island Clinic Logbook for November 17, 1997. Plaintiff expresses frustration that Defendants claimed they could not locate this logbook, but now apparently have reviewed it to identify Nurse Vasquez. That

---

[1] Plaintiff also appears to complain about a frivolous argument Defendants made in a Motion for Summary Judgment, but that argument was not raised in either of Plaintiff's sanctions motions and will not be considered here.

would indeed be disturbing if true, but Plaintiff has misinterpreted the facts. As this Court recounted in its February 3, 2006 Order, Defendants located the logbook for November 17, 1997, up until an hour before the alleged incident occurred, but could not locate the portion of the logbook relevant to Plaintiff's Complaint. (Order, 2/3/2006, p.5.) This Court imposed a sanction under Rule 37 for this failure, and stated that Plaintiff may inform the jury of Defendants' failure to disclose the relevant portion of the logbook. Exhibit A to the August 30, 2010 letter from Kathleen McNaughton does not prove that Defendants had the relevant portion of the logbook from November 17, 1997. Furthermore, it was not a review of a logbook that led to the identification of Vasquez, but rather interviews with Nurse Marjorie Lyons and Correction Officer Clark. (See McNaughton Letter 8/30/10, p. 3.)

This Court agrees that default judgment would be too extreme a sanction, given the absence of any evidence of bad faith. See, e.g., West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 780 (2d Cir. 1999 (finding default judgment an inappropriate sanction where instructions to the jury would have remedied any prejudice suffered due to destruction of evidence); Chen v. LW Restaurant, Inc., 10 Civ. 200 (ARR), 2011 WL 3420433, at *20 (E.D.N.Y. Aug. 3, 2011) (denying request to enter default judgment even though

4

defendants' behavior during discovery was characterized as "grossly negligent and irresponsible," and included failure to produce a disk drive in violation of explicit court orders, failure to appear for depositions, and insufficient answers to interrogatories and requests for admission).

Although this Court has discretion to impose the appropriate sanction, the Second Circuit has emphasized that sanctions "should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'" West v. Goodyear Tire & Rubber Co., 167 F.3d at 779 (citing Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988); Chen, 2011 WL 3420433, at *19.

Here, Magistrate Judge Katz recommends that the jury be advised of the much belated disclosure of Vasquez's identity and instructed that Vasquez was present in the clinic on the day of Plaintiff's alleged assault. This sanction is significant and appropriate under the circumstances. Instructing the jury that Ms. Vasquez was present in the clinic on the day of Plaintiff's alleged assault will establish a critical fact in the litigation. Furthermore, having to disclose to the jury that Ms. Vasquez was not identified until many

years after the inception of the case will damage Defendants' credibility in front of the jury and will compensate for any prejudice Plaintiff might otherwise have suffered due to the passage of time.

Having reviewed the remainder of the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation, Docket Entry No. 93, of United States Magistrate Judge Theodore H. Katz, dated October 5, 2011, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety; and

2. Plaintiff's Motions for Default Judgment, Docket Entry Nos. 70 and 73, are DENIED; and

3. Sanctions are awarded under Rule 37 in that Plaintiff may inform the jury Defendants did not disclose Rose Mary Vasquez' identity until 2010, and the jury will be instructed that Rose Mary Vasquez was present in the clinic on the day of Plaintiff's alleged assault.

SO ORDERED.

Dated:    New York, New York
          March 29, 2012

_Deborah A. Batts_
Deborah A. Batts
United States District Judge